Filed 10/27/20  P. v. Orozco CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B300943 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA081968) |
| v. | |
| JOSE MARIA OROZCO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge.  Dismissed.

Pamela J. Voich; Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Jose Orozco appeals an order of the trial court revoking probation imposed after a judgment of conviction for driving under the influence. Because he has been released from incarceration and is no longer on probation, the appeal is moot. Therefore, we dismiss the appeal.

## BACKGROUND

On March 30, 2013, officers noticed Orozco weaving in and out of his lane while driving at a high speed. When the officers pulled him over, Orozco admitted that he had been drinking, and subsequently failed two alcohol screening tests.

On April 29, 2013, Orozco pled no contest to driving with a 0.08 percent blood alcohol content within 10 years of three other DUI offenses. The court placed him on formal probation for 36 months with the condition that he complete an alcohol program.

A year later, on November 18, 2014, Orozco reported to his probation officer that he could not continue attending his program in light of his recent unemployment and homelessness. On February 24, 2015, a probation officer filed a notice of violation, and the trial court ordered Orozco to complete an alcohol abuse program. When Orozco failed over the next several years to do so or to report to his probation officer, the trial court issued a warrant for his arrest. At the revocation hearing, Orozco conceded the probation violation but argued for a lenient sentence. The court revoked probation and sentenced him to county jail for the upper term of three years.

Orozco appealed, but during the pendency of the appeal was released from incarceration with no probation.

## DISCUSSION

Orozco originally contended on appeal that insufficient evidence established the probation violation that he conceded

2

before the trial court.  In a letter brief, however, he contends the appeal is now moot.  We agree.

Courts "ordinarily may consider and determine only an existing controversy, and not a moot question . . . ."  (*In re Madison S.* (2017) 15 Cal.App.5th 308, 328.)  Thus, we may dismiss an appeal if it fails to present a justiciable claim, that is, a present, concrete, and genuine dispute as to which the court can grant effective relief.  (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1489.)  We determine on a case-by-case basis whether an appeal is moot and, if so, whether we should nonetheless review the merits of a claim of error.  (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1055.)

Here, it appears to be no legal or practical consequence that can redound to Orozco's benefit should we reverse the order revoking his probation.  Therefore, his appeal is moot.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.          SINANIAN, J.*

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3